UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-23661-MGC

ROYAL CARIBBEAN CRUISES LTD.,      U.S. Magistrate Judge Turnoff
                                    October 11, 2013, Order of Reference
        Plaintiff,

vs.

HUGE, LLC,

        Defendant.
_____/

## MOTION TO OVERRULE GENERAL OBJECTIONS

In accordance with Federal Rule of Civil Procedure 34 and Local Rule 26.1(g), Plaintiff, Royal Caribbean Cruises Ltd., requests an order overruling each of the general objections made by Defendant, Huge, LLC, in its Response to Royal Caribbean's First Request for Production of Documents.

**I.   BACKGROUND**

On October 30, 2013, Royal Caribbean served on Huge its First Request for Production of Documents (the First Request). *See* Pl.'s First Req. Produc. Docs. Ex. A. The First Request seeks seven discrete categories of documents regarding the allegations of this action. *See id.* 3–4.

After receiving a brief extension of time, Huge served its Response to the First Request (the Response) on December 3, 2013. *See* Resp. to Pl.'s First Req. Produc. Docs. Ex B. The Response contains eight so-called general objections, which "are incorporated in each response to each of the Requests, whether or not expressly incorporated in each individual response." *Id.* 1. Only the first four general objections, however, appear to objections at all:

- In the first, Huge "objects to the Requests to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure."

- In the second, Huge objects "to the Requests to the extent they seek privileged documents," and states that the "production, inadvertently or otherwise, of any document subject to such privilege, protection or doctrine will not constitute or be deemed to constitute a waiver."

- In the third, Huge objects "to the Requests because they seek redundant or duplicative information."

- And in the fourth, Huge objects to certain defined terms contained in the First Request, and states that its "response to these Requests is limited to the Huge, LLC and its officers, directors, employees or agents over whom Huge has control."

*Id.* 1–2.

The fifth through the eighth general objections do not appear to be objections; each, rather, purports to state a legal principle, a reservation, or an instruction:

- In the fifth, Huge responds "based on information available as of the date hereof and reserve[s] the right to supplement their objections or responses … pursuant to all appropriate rules, laws, statutes and regulations."

- The sixth general objection — much like the sentence before the first general objection — purports to incorporate the "foregoing general objections … as if the general objections were fully set forth in each such response, including those responses which also set forth specific objections."

- The seventh states that Huge is not "waiving or intending to waive … the right to raise all questions as to competence, relevance, materiality, privilege and admissibility as evidence for any purpose."

- And the eighth states that the documents "will be made available for inspection at a reasonable place and time."

*Id.* 2.

**II.   ARGUMENT**

Because these general objections do not comply with Federal Rule of Civil Procedure 34, Local Rule 26.1(g), and applicable case law, the Court should overrule them. The Court should also overrule the general objections to the extent that they misrepresent or otherwise seek to expand or alter the Federal Rules of Civil Procedure and applicable case law.

Rule 34 requires that objections to requests for production be addressed to each individual request. "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Partial objections must also be addressed to individual requests only: "[a]n objection to part of a request must specify the part and permit inspection of the rest." *Id.* 34(b)(2)(C). Local Rule 26.1(g) makes applicable to objections to requests for production the specificity requirement found in Rule 33(b)(4): "Where an objection is made to … any production request under Federal Rule of Civil Procedure 34, the objection shall state *with specificity* all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived." S.D. Fla. L.R. 26.1(g)(3)(A) (emphasis added).

Given the emphasis that the Federal Rules and the Local Rules place on specificity of objections, it is thus not surprising that "courts (including this Court), disfavor 'general objections' that fail to discuss deficiencies in specific discovery requests." *Puccio v. Sclafani*, 2013 WL 4068782, at *3 (S.D. Fla. Aug. 12, 2013); *see also Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2009) ("Parties shall not make nonspecific, boilerplate objections. Such objections do not comply with Local Rule 26.1G3(a) …."). To begin with, nothing in Rule 34 permits so-called general objections to be made; the Rule requires any objections to be made for "each item or category." Further, general objections not only fail to comply with the specificity requirements, but they frustrate both the goals of the Federal Rules and the purposes of discovery. *See Covington v. Sailormen Inc.*, 274 F.R.D. 692, 693–94 (N.D. Fla. 2011) ("The boilerplate, shotgun-style objections are not consistent with the Federal Rules of Civil Procedures' goal of securing 'the just, speedy, and inexpensive determination of each action."…

3

Common sense should have been enough for Defendant to know that boilerplate, shotgun-style 'General Objections,' incorporated without discrimination into every answer, were not consistent with Fed. R. Civ. P. 33(b)(4)'s directive that '[t]he grounds for objecting to an interrogatory must be stated with specificity.'" (alteration in original)); *Kelly v. FedEx Ground Package Sys., Inc.*, 2011 WL 1584764, at *2 (S.D. W. Va. Apr. 26, 2011) ("[I]t is impossible for [the plaintiff] or the Court to discern which, if any, of the general objections are actually relied upon by FedEx in response to discrete interrogatories and requests for production of documents …. FedEx's indiscriminate use of 'General Objections' frustrates the purpose of discovery and fails to comply with the specificity requirements …."); *see also Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 538 (D. Kan. 2006) ("This Court has on several occasions disapproved of the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery. The Court has characterized these types of objections as 'worthless for anything beyond delay of the discovery.' Such objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery." (citations omitted)).

For these reasons, Courts uniformly disregard, overrule, or deem such general objections to be waived. *See, e.g.*, *Kelly*, 2011 WL 1584764, at *2 ("Therefore, both sets of these objections, are overruled …."); *Anderson v. United Parcel Serv., Inc.*, 2010 WL 4822564, at *2 (D. Kan. Nov. 22, 2010) ("[G]iven that Plaintiff made no meaningful effort to demonstrate the application of any of her general objections to any particular interrogatory, the Court finds Plaintiff's general objections to be of no consequence and overrules them."); *Johnson*, 236 F.R.D. at 538 ("[T]his Court has deemed such ostensible objections waived or declined to consider them as objections at all." (citations omitted)).

Huge's general objections should be overruled for the same reasons. First, the general objections are not specific. For example, the first general objection purports to object "to the Requests to the extent they seek to impose obligations beyond those set forth in the Federal Rules," and the second purports to object "to the Requests to the extent they seek privileged documents" under a series of privileges, immunities, protections, or restrictions. *See* Resp. 1. But Huge fails to explain how the requests specifically impose additional obligations on Huge, and fails to explain which or how any of the privileges, immunities, protections, or restrictions applies.

Second, the general objections make it impossible for Royal Caribbean and the Court to determine how each of the general objections applies to each of the specific requests, or whether Huge is actually relying on any of them at all. For example, the third general objection objects because the requests "seek redundant or duplicative information," yet Huge fails to explain — and it is not at all clear — how this is so. Huge's fourth general objection is based on certain defined terms in the First Request, yet, because those defined terms are not used in all of the requests, it is unclear how they apply. Huge's use of the phrase "to the extent" in certain of the general objections makes it even more difficult in determining how the general objections apply. *See Johnson*, 236 F.R.D. at 538.

Additionally, Huge's recitation of legal principles and reservations of rights — found chiefly in general objections four, five, and seven — are improper. For example, Huge objects to producing any responsive documents that any of its "affiliates" may have, but parties may request documents that are in the "responding party's possession, custody, and control," Fed. R. Civ. P. 34(a)(1), and "[c]ourts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control *or has the*

5

*legal right to obtain the documents on demand*, " *Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476 (D. Colo. 2007) (emphasis added); *see also id.* ("'Control' comprehends not only possession, but also the right, authority, or ability to obtain the documents."). The test is thus simply whether Huge has "control" of the requested documents. If Huge does have control of the documents, Huge must produce them — regardless of whether they are in the actual possession of any of Huge's affiliates.

Last, the reservation-of-rights language in general objections five and seven should be overruled. Rule 26(e), concerning supplementing disclosures and responses, requires parties to supplement responses to requests for production in certain circumstances. *See* Fed. R. Civ. P. 26(e)(1). Parties, however, do not have a freestanding right to supplement responses under any circumstance. Additionally, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and applicable case law governs waiver of "competence, relevance, materiality, privilege and admissibility." Resp. 2. Huge's declaration that it has not waived questions on any of these things is thus meaningless, because questions of waiver must be decided on a case-by-case basis.

### III.   CONCLUSION

For the reasons stated herein, Royal Caribbean requests that the Court enter an order overruling each of the general objections in Huge's Response.

**Certificate of Good-Faith Conference; Unable to Confer**

In accordance with Local Rule 7.1(a)(3), I certify that the undersigned has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in this motion but has been unable to do so. Specifically, on December 20, 2013, the undersigned e-mailed counsel for Huge requesting that Huge withdraw the general objections and serve a supplemental response that eliminates the general objections. To date, counsel for Huge has not responded.

Dated: January 1, 2014

Respectfully submitted,

s/Brian W. Toth
Sanford L. Bohrer
Florida Bar No. 160643
sandy.bohrer@hklaw.com
Scott D. Ponce
Florida Bar No. 169528
scott.ponce@hklaw.com
Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

Attorneys for Royal Caribbean Cruises Ltd.

**CERTIFICATE OF SERVICE**

I certify that on January 1, 2014, I served copy of the foregoing with the Clerk of Court using CM/ECF, which, in turn, will notify all counsel of record of the foregoing.

s/Brian W. Toth
Brian W. Toth

7

#26916746_v1